UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

Arlene Washington,

|                                | Plaintiff, | COMPLAINT |
|--------------------------------|------------|-----------|
| -against-                      |            | CIVIL ACTION |

Det. OLAN ALEJANDRO Shield No. 430, Sgt. John Doe 1;
PO John Doe, 1-5, Police Officers Jane Doe 6-10 Doe, NYC, et al.

Defendants.
_____X

**NOW COME** the Plaintiff, **ARLENE WASHINGTON,** by and through his attorney, **D. Andrew Marshall, Esq.** for her Complaint against the Defendants, respectfully shows to this Court and allege:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the Plaintiff seeks relief for the Defendants' violations of her rights secured by the Civil Rights Act of 1871, Title 42 of the United States Code §1983, by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States, and the Constitution the State of New York, as well as the Charter, rules, regulations and ordinances of the City of New York.

2. Plaintiff brings this action seeking compensatory damages, punitive damages and attorney's fees for violations of his civil rights by the

1

defendants, their agents, servants and/or employees, while acting under color of law.

3. Plaintiff also asserts supplemental state law tort claims.

4. On or about April 25, 2013 prior to 7:00 a.m. inside of the NYPD PSA 8, then at approximately 7:00 a.m. while allegedly executing a search warrant inside of 535 Hevemayer Avenue, Apt. 9F BX, NY 10473, County the Bronx, City and State of New York and thereafter inside of the NYPD PSA 8, the defendants conspired to violate the Plaintiff's constitutional and civil right rights by falsely arresting, falsely imprisoning and maliciously prosecuting Plaintiff.

5. Consistent with the PSA 8's policy and practice of executing search warrants in the public house and thereafter arresting all-person-present, regardless of probable cause, to and thereafter did violate the Plaintiff's constitutional and civil right rights by having falsely arrested and imprisoned the claimant under Arrest No. B13617181.

6. On or about April 25, 2013 at approximately 7:00 a.m. the defendants "perp-walked" the Plaintiff out of her building where she lived most of her adult life, into a police van and drove her around for several hours before bringing her to the PSA 8.

2

7. As Plaintiff, a frail senior citizen, succumbed to medical complications while under arrest and in the care and custody of the defendants, the defendants, their agents, servants, and/or employees were required to make available and/or provide medical care and treatment to Plaintiff while she was in their custody and control, but nevertheless intentionally and/or negligently delayed, denied and/or failed to make medical care and treatment available to Plaintiff.

8. On or about April 25, 2013, inside of the PSA 8, the deliberately indifferent defendants held Plaintiff incommunicado without informing her as to the charges leveled against her and in need of medical attention for several hours as they processed her false arrest.

9. On or about April 25, 2013, inside of the PSA 8, the deliberately indifferent defendants issued Plaintiff a Desk Appearance Ticket and thereafter escorted her out of the PSA 8 without one scintilla of concern for her health, safety or welfare.

10. The defendants thereafter maliciously prosecuted the Plaintiff in the Criminal Court of the City of New York, Bronx County until the Bronx County District Attorney dismissed the matter.

11. Defendant NYC is liable for the individual Defendants' acts under the theory of *respondeat superior*. At the time of the incident, they were

3

acting under color of state law in the course and scope of their employment at the Defendant NYC and/or NYPD, a department of the Defendant NYC.

12. As a result of the aforementioned constitutional violations, Plaintiff suffered damages, including derivation of rights, as well as physical, emotional, mental and psychological pain and suffering.

## JURISDICTION

13. That jurisdiction is founded upon the existence of a Federal Question.

14. That jurisdiction is founded upon U.S.C. §1331 and §1343(3) and (4), this being an action authorized by law to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege, and immunity secured to Plaintiff by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. §1983.

15. That this an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege, and immunity secured to Plaintiffs by the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, 42

U.S.C. §1983, 1985, 1986 and 1988 and arising under the laws and statutes of the State of New York.

16. Plaintiff further invokes this Court's jurisdiction pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

17. The amount in controversy exceeds, exclusive of interest and costs, the sum or value of seven-five thousand ($75,000.00) dollars.

## VENUE

18.     Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c) because the claim arose in this district.

## JURY DEMAND

19. Plaintiff demands a trial by jury in this action.

## PLAINTIFF's INJURIES AND DAMAGES

20.     As a direct and proximate consequence of the aforementioned actions by the defendants, Plaintiff:

5

a)   Suffered severe emotional and mental anguish and pain

b)   Suffered psychological injuries;

c)   Suffered physical injuries;

d)   Was denied and deprived of his state and federal constitutional rights, liberties, immunities and privileges;

e)   Was publically shamed, disgraced, ridiculed and humiliated and suffered damage to his reputation;

f)   Continues to suffer severe emotional and mental anguish and pain;

g)   Incurred other items of attendant damages.

## PARTIES:

21. Upon information and belief the Plaintiff Arlene Washington, hereinafter "Plaintiff Washington," is a citizen of the United States and a resident of the County of the Bronx, City and State of New York.

22.    Upon information and belief, that at all times, hereinafter mentioned, the Defendant the City Of New York, hereinafter "Defendant NYC" was and still is a body corporate and politic, constituting a municipal corporation duly organized and existing under and by virtue of the laws of the City and State of New York.

23.    Upon information and belief, at all relevant times mentioned herein,

6

Defendant NYC, its departments, agents, servants, and/or employees, owned, operated, maintained, managed, supervised, directed and/or controlled divisions of the NYPD, including, but not limited to the PSA 8, as well as the Police Officers, assigned and/or stationed threat.

24.     Upon information and belief, NYPD is responsible for the appointing, hiring, training, re-training, directing, supervising, investigating, disciplining, overseeing and promoting Police Officers and supervisory Police Officers, including at the PSA 8 and the individually named Defendant herein.

25.     Upon information and belief, at all times hereinafter mentioned, on or about April 25, 2013, and at all other relevant times, **Defendant Det. OLAN ALEJANDRO Shield No. 430,** hereinafter "Defendant Det. OLAN ALEJANDRO," was employed by Defendant NYC and NYPD at the PSA 8, as a Police Officer with the rank of Detective. He is sued in his individual and official capacities.

26.     Upon information and belief, at all times hereinafter mentioned, on or about April 25, 2013, and at all other relevant times, **Defendant SGT. John Doe1**, hereinafter "Defendant Sgt. Doe1," was employed by Defendant NYC and NYPD at the PSA 8, as a Police Officer with the

rank of Sgt. with first line supervisory responsibilities duties. He is sued in his individual and official capacities.

27.    Upon information and belief, on April 25, 2013, and at all other relevant times, **Defendant Police Officers John Doe 1-5**, hereinafter "Defendants Doe 1-5," were employed by Defendant NYC and NYPD at the PSA 8, as Police Officers.  They are sued in their individual and official capacities.

28.    Upon information and belief, on April 25, 2013, and at all other relevant times, **Defendants Police Officers Jane Doe 6-10**, hereinafter "Defendants Doe 6-10," were employed by Defendant NYC and NYPD at the PSA 8, as Police Officers.  They are sued in their individual and official capacities.

29.    As used herein, the term "Police Officer" is intended to refer to NYPD officers in the general and not to any specific rank, title, or position.

30.    Sgt. Doe 1, and Defendants Doe 1-10 were employed by Defendant NYC, as Police Officers or supervisors, whose true names and shield numbers are presently unknown to Plaintiff.

31. Each and all of the acts of the Defendants alleged herein were undertaken by said Defendants while acting in the course and scope of

8

their duties and functions as agents, assignees, employees, servants, or officers of Defendant NYC and NYPD when engaging in the conduct described herein.

32.    Upon information and belief, at all relevant times mentioned herein, Defendant NYC, its departments, agents, servants, and/or employees were charged with hiring, training, retraining, directing, supervising, investigating, disciplining, overseeing, appointing, and promoting it officers, supervisors, and staff in their employ, including but not limited to the defendants herein.

33.    Defendant NYC and NYPD assume the risk incidental to the maintenance of its agents, assignees, employees, servants, or officers of as said risks attach to the consumers of the services provided by the defendants.

34.    The Defendant NYC and NYPD remains the public employer of the named defendant Police Officer.

35.    Upon information and belief, at all relevant times mentioned herein, the defendant officers were acting under the direction, supervision, authority and/or control of Defendant NYC and/or NYPD, agents, servants, and/or employees.

36.    The NYPD, through its senior officials at the central office and in

9

each of its precincts, promulgates and implements policies, including, but not limited to those with respect to the procedure for executing search warrants and the arrest of persons during said execution, use of force, strip searches, body cavity searches, reporting and investigating complaints and grievances by detained or arrested persons, reporting and investigating abuses, deprivations of detained or arrested persons' rights through acts and omission by staff, and provision and access to medical and other programs services mandated by local law and court orders.

37.   In addition, senior officials in the NYPD are aware of and tolerate certain practices by subordinate employees, including those that are inconsistence with formal policy.

38.   Upon information and belief, at all relevant times mentioned herein, the aforementioned practice of arresting all-persons-present during search warrant, without probable cause constitutes unwritten NYPD policies and customs because they are widespread, long-standing and deeply embedded in the culture of the agency.

39.   Each and all of the acts of the Defendants alleged herein were undertaken by said Defendants in furtherance of their employment by Defendant NYC and NYPD with the power and authority vested in them

10

as officers, agents and employees of Defendant NYC and NYPD and/or incidental to the lawful pursuit of their duties as officers, agents, assignees, employees, or servants, of Defendant NYC and NYPD.

40.     At all times mentioned herein, Defendant Sgt. Doe 1 had direct first-line supervisory responsibilities for taking appropriate measures to ensure and protect the civil rights and personal safety of members of the public in general and the Plaintiff in particular, who came into contact with the officers at the PSA 8.

41. These responsibilities were required to be carried out in a manner consistent with the laws and mandates that govern and control the Defendant NYC and NYPD, including City and NYPD directives and orders concerning: the use of force, the reporting of the use of force, executing search warrants within NYCHA apartments/properties; arrest procedure incidental to executing search warrants of NYCHA apartments/properties; reporting and classifying arrests;   the provisions of and access to medical care, treatment and services; and otherwise.

42.     Defendants Sgt. Doe 1, Defendants Doe 1-10, were those officers employed by Defendant NYC and/or NYPD who conspired to and in fact did violate Plaintiff's civil and constitutional rights.

<u>STATEMENT OF FACTS:</u>

11

43.      Upon information and belief, on about the morning of April 25, 2013 the Defendants met at PSA 8 and devised an alleged tactical plan for entering into the Subject Premises with a plan to arrest all the occupants of the subject premises regardless of whether probable cause existed.

44.      Upon information and belief, the Defendants knew or had reason to know that the alleged tactical plan was in fact an agreement to deprive and violate the Plaintiff' Washington's rights.

45.      Upon information and belief, the Defendants entered the Subject Premises, the Plaintiff WASHINGTON was alone asleep inside one of three bedrooms with no contraband therein.

46.      That on about the morning of April 25, 2013 the Plaintiff WASHINGTON was a tenant on the premises known and designated as 535 Hevemeyer Ave. 9F in the City of New York, County of the Bronx, State of New York, hereinafter, "Subject Premises."

47.      That on about the morning of April 25, 2013 the Plaintiff was asleep in her room while her grandson slept in his separate room and a house-guest slept in the living room.

48.      That at all relevant times Defendant Det. OLAN ALEJANDRO Shield No. 430, Sgt. John Doe 1; PO John Doe, 1-5, Police Officers Jane

12

Doe 6-10 Doe were present at or near the Subject Premises as part of their regular and official employment as police officers for the Defendant NYC and NYPD.

49.     Upon information and belief, the defendants were present for the purpose of executing an alleged search warrant of the subject premises and/or alleged  fugitive warrant for the father of Plaintiff's grandson, referenced above in ¶ 44.

50.     Upon information and belief, father of Plaintiff's grandson, the alleged fugitive, was not a tenant at the subject premises.

51. Upon information and belief, that at all relevant times the Defendants forcibly entered into the Subject Premises, with weapons drawn, aroused Plaintiff from her sleep and herded her from a separate bedroom into the living room.

52.     Upon information and belief, that at all relevant times the Defendants forcibly entered into the Subject Premises, with weapons drawn, aroused  Plaintiff's infant grandson and house guest from their sleep and herded them into the living room.

53.     That at all relevant times the Plaintiff was unarmed, unthreatening and unequivocally innocent of any crime, had not violated or breached

any law, code, regulation, ordinance, statute or otherwise in effect on said date and time.

54.     Upon information and belief, that at all relevant times the Plaintiff Washington was neither in actual nor constructive possession of any alleged contraband.

55.     Upon information and belief, that at all relevant times the Defendants interrogated Plaintiff as to the whereabouts of the alleged target of the warrant.

56.     Upon information and belief, Plaintiff reminded the defendants, who had been to her premises on prior occasions for the same purpose, that the subject of the warrant did not live at the subject premises.

57.     Upon information and belief, the defendants informed Plaintiff, in sum and substance, that in light of the man-power and expense of executing the search warrant thereon, they had to take her in.

58.     Upon information and belief, the never  defendants informed Plaintiff as to the charges leveled against her.

59.     Upon information and belief, the defendants permitted Plaintiff to, inter alia, dress, take her prescribed medication and secure supervision for her grandson before being carted off to jail.

14

60.    Upon information and belief, the defendants perp-walked Plaintiff from her apartment building into a waiting police transport vehicle as her neighbors looked on.

61. Upon information and belief, while inside of the NYPD transport vehicle Plaintiff lost consciousness.

62.    Upon information and belief, Defendants knew or had reason to know that Plaintiff had lost consciousness, but, with deliberate indifference, denied her medical attention.

63.    Upon information and belief, Defendants deliberately avoided driving directly to the precinct to process Plaintiff's false arrest.

64.    Upon information and belief, when the Defendants arrived at the Precinct with Plaintiff, they observed her to be unsteady on her feet, but, with deliberate indifference, ordered Plaintiff's house-guest/co-defendant to render assistance to Plaintiff.

65.    Upon information and belief, when the Defendants arrived at the Precinct with Plaintiff, they falsified reports that the Plaintiff herein had control and dominion over alleged contraband allegedly recovered inside of the subject premises.

15

66.     That at all relevant times, the Defendants knew or had reason to know that Plaintiff Washington had neither actual possession nor constructive possession of the said alleged contraband.

67.     That the Defendants, without probable cause, reasonable suspicion or other legal reasons, nonetheless proceeded to arrest Plaintiff Washington and charged Plaintiff Washington with Criminal Possession of a Controlled Substance 3rd Degree, in violation of Penal Law §220.16(1) and related charges.

68.     That the Defendants, thereafter proceeded to swear out a Criminal Court complaint alleging that Plaintiff  Washington, acting in concert with others, knowingly and intentionally possessed controlled substances in violation of New York State Law.

69.     That as a consequence of the Defendants conscious acts and deliberate omissions, Plaintiff Washington was made to answer the above charges before the Criminal Court of the City of New York, Bronx.

70.     That as a consequence of the Defendants' conscious acts and deliberate omissions, in addition to the false charges being leveled against her, Plaintiff Washington was unlawfully imprisoned in the PSA 8 and otherwise deprived of her civil and constitutional rights.

16

71. That as a consequence of the Defendants' conscious acts and deliberate omissions, in addition to the false charges being leveled against her, Plaintiff Washington succumbed to severe illness while in police custody which, with deliberate indifference, they ignored.

72. That as a consequence of the Defendants' conscious acts and deliberate omissions, in addition to the false arrest, false charges and unlawful imprisonment, the Plaintiff was maliciously prosecuted.

73. That at all relevant times, the Defendants were malicious and reckless in their actions towards the Plaintiff because they knew that the Plaintiff was wholly innocent, but they nevertheless falsely imprisoned, falsely arrested and maliciously prosecuted the Plaintiff without any conduct on the part of the Plaintiff to so warrant.

74. The defendants' action arises under the United States Constitution, particularly under provisions of the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Acts, Title 42 of the United Code, §1983 as well as the rights under the Constitution and laws of the State of New York.

75. Each and all of the acts of the Defendants alleged herein were done by the defendants, their agents, servants and employees, and each

17

of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York and under the authority of their office as Police Officers of said state, city and county.

### PENDANT STATE CLAIMS:

76.     That Notice of the Plaintiff's Claim and Notice of Intention to Sue for Damages for false arrest and otherwise has been served upon the Comptroller of Defendants the City of New York.

77. That pursuant to §50(h) of the General Municipal Law hearings have been held.

78.     That this action **is** commenced within one year and 90 days after the cause of action arose.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF WASHINGTON:
### CIVIL RIGHTS ACTION 42 USC §1983

79.     Plaintiff Washington**,** hereby repeat, reiterate and re-allege each and every allegation contained in the proceeding paragraphs with the same force and effect as if more fully and at length set forth herein.

18

80.     This action arises under the United States Constitution,

particularly under provisions of the First, Fourth, Fifth, Eighth and

Fourteenth Amendments to the Constitution of the United States, and

under federal law, particularly the Civil Rights Acts, Title 42 of the

United Code, §1983 as well as the rights under Article 1, Section 12 of

the Constitution and laws of the State of New York.

81.     Each and all of the Defendants' acts alleged herein were done by

the Defendants, their agents, servants and employees, and each of

them, under the color and pretense of the statutes, ordinances,

regulations, customs and usages of the State of New York, the City of

New York, New York City Department of Corrections, and under the

authority of their office as Police Officers of said state, city and county.

82.     That at all relevant times, the Defendants and each of them,

separately, and in concert acted under color and pretense of law, to wit:

conspired to violate Plaintiff's civil rights; engaged in the illegal

conduct here mentioned to the injury of Plaintiff Washington and

deprived her of the rights, privileges and immunities secured to

Plaintiff by the Fourth, Fifth, Sixth,  Eighth  and Fourteenth

Amendments to the Constitution of the United States and the laws of

19

the United States, all without legal cause or justification and with purposeful, all resulting in damage to Plaintiff.

83.    As set forth above, Police Officers failed to notify Defendant NYC or state or federal authorities as to what they had seen and/or heard.

84.    As set forth above, the Police Officers supervisory personnel failed to take appropriate action to investigate and report the subject incident.

85.    As set forth above, the subject incident constituted an unnecessary and unreasonable stop, search and seizure.

86.    The defendants acted with deliberate indifference to the Plaintiff's rights, privileges and immunities, health, safety, welfare and security.

87.    As set forth above , unlawful and illegal conduct of the Defendants, agents, servants, and employees, and each of them, deprived the Plaintiff her rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and were the direct and proximate cause of the deprivation,  physical, psychological and emotional injuries Plaintiff suffered.

88.    The defendants, by reasonable diligence, could have prevented the aforementioned wrongful acts from being committed.

20

89.     The defendants, by reasonable diligence, could have mitigated
Plaintiff's injuries had they intervened in the aforementioned unlawful
conduct and/or protected Plaintiff.

90.     The City and/or NYPD, their agents, servants, and/or employees
including but not limited to the defendants herein, violated Plaintiff's
constitutional rights by:

a) Unlawfully stopping plaintiff;

b) Unlawfully causing and/or allowing the false arrest, detention
and imprisonment of Plaintiff to occur;

c) To intercede on behalf of Plaintiff to prevent the Constitutional
violations aforesaid, despite having an opportunity to do so, but
due to their deliberate indifference, declined to do so;

d) Failing to provide timely and due medical care and treatment to
Plaintiff;

e) Arresting and imprisoning Plaintiff without legal cause;

f) Deliberately withholding the nature of the charges from
Plaintiff;

g) Depriving Plaintiff access to and redress to the court;

h) Denying Plaintiff equal protection of the law;

21

i) Engaging in a cover-up in order to conceal the wrongful and
   unlawful conduct taken against Plaintiff, and;

m) By subjecting Plaintiff to cruel and inhumane punishment, all in
   violation of federal, state and local law.

91. That the aforesaid actions and omissions violations violated 42 U.S.C.
§1983.

92.    That the Defendants, who tacitly and implicitly agreed to enter
into a nefarious scheme, wrongfully deprived and compelled the
Plaintiff to abandon her rights and privileges as provided to her under
the Constitution of the United States of America, the Constitution of
the State of New York, and laws thereto.

93.    That as a result of the foregoing, Plaintiff was caused to be
subjected to the deprivations of rights, privileges and/or immunities
secured  under the Constitution of the United States of America, the
Constitution of the State of New York, and laws thereto and has been
damaged thereby.

94.    That as a result of the foregoing, Plaintiff is entitled to
compensatory damages, and punitive damages against the individual
defendants, and attorney's fees, costs, expert's fees and disbursements
pursuant to 42 U.S.C. § 1988.

22

AS AND FOR A SECOND CAUSE OF ACTION:
ATTORNEY FEES 42 U.S.C. §1988

95.     Plaintiff Washington, hereby repeat, reiterate and re-allege each

and every allegation contained in the proceeding paragraphs with the

same force and effect as if more fully and at length set forth herein,

further alleges:

96.     That the Plaintiff makes a claim for attorney's fees and costs

predicated upon 42 U.S.C. §1988 which authorizes the award of

attorney's fees and costs to the prevailing plaintiffs in actions brought

pursuant to 42 U.S.C. §§1981, 1983, 1985(3), and the New York Civil

Practice Law and Rules, Article 86, for the pendant claims arising

under state law.

97.     That the Plaintiff are entitled to and hereby makes claim for the

recovery of reasonable attorney's fees incurred as a result of

prosecuting their claim against the individually named Police Officer

pursuant to 42 U.S.C. §1988.

AS AND FOR THIRD CAUSE OF ACTION ON BEHALF OF
PLAINTIFF: CIVIL RIGHTS ACTION 42 USC §§ 1985 & 1986

23

98.     Plaintiff Washington, hereby repeat, reiterate and re-allege each and every allegation contained in the proceeding paragraphs with the same force and effect as if more fully and at length set forth herein.

99.     That all relevant times, the Defendant entered into an actual or tacit agreement to deprive Plaintiff Washington and those similarly situated of their constitutional rights and civil rights.

100.    That  at all relevant times the Defendants, acting under color of law, entered into said agreement for the express purpose of depriving Plaintiff Washington and those similarly situated of their rights, including, without limitation: to be free from harassment and intimidation; to be free from unlawful and unreasonable searches; to be free from unlawful and unreasonable seizure; to equal protection of the law; to equal privileges and immunities und ether law; to associate and speak freely; to have access to and seek redress in the courts; to due process of law under the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

101.    That at all relevant times, in furtherance of the said conspiracy, the defendants did in fact subject Plaintiff Washington to an arrest without probable cause, reasonable suspicion or other legal basis.

24

102.    That at all relevant times the defendants, as a ruse to cover up their acts and omissions, the defendants relied upon manifestly unconstitutional NYPD directives, codes, rules and regulations.

103.     That the aforesaid conspiracy, the acts and omissions thereof deprived PLAINTIFF of her rights and liberties as set forth in the Constitutions of the United States and of the State of New York without any conduct on the part of the Plaintiff to so warrant.

104.    Said defendants had knowledge that 42 U.S.C. § 1985(3) conspiracy was in progress, had the power to prevent or aid in preventing the conspiracy from continuing and neglected or refused to do so.

105.    With due diligence, said defendants could have promptly reported the subject events to superiors and to duly authorized investigators.

106.    Said defendants' failure to do so contributed to the Plaintiff's suffering gratuitously, thereby exacerbating his pain and suffering.

107.    That the aforesaid conspiracy, the acts and omissions thereof directly and proximately caused Plaintiff damage.

108.    That as a result of the foregoing, Plaintiff is entitled to compensatory damages, and punitive damages against the individual

defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

### AS AND FOR FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *DENIAL OF SUBSTANTIVE DUE PROCESS*

109.    Plaintiff Washington**,** hereby repeat, reiterate and re-allege each and every allegation contained in the proceeding paragraphs with the same force and effect as if more fully and at length set forth herein.

110.    At all relevant times the Defendants stopped, searched and seized Plaintiff in violation of her constitutional right against unreasonable searches and seizures.

111.    At all relevant times by routinely and systematically executing search warrant in NYCHA apartments and arresting all person present without probable cause, or other legal justification,  the Defendants violated Plaintiffs right to substantive due process under the Due Process Clause of the Fifth and Fourteenth Amendments of the Constitution of the United States

112.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

113.    That as a result of the foregoing, Plaintiff is entitled to compensatory damages, and punitive damages against the individual

26

defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

### AS AND FOR FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *FAILURE TO INTERVENE*

114.    Plaintiff Washington**,** hereby repeat, reiterate and re-allege each and every allegation contained in the proceeding paragraphs with the same force and effect as if more fully and at length set forth herein.

115.    Those individual Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct; had an opportunity to prevent such conduct; had a duty to intervene, mitigate and/or stop the events alleged herein, and failed to, inter alia, report the unlawful conduct alleged herein to supervisors; investigate, sanction, and/or discipline and participant.

116.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

117.    That as a result of the foregoing, Plaintiff is entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

27

## AS AND FOR SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *EQUAL PROTECTION CLAUSE, 42 U.S.C. § 1983*

118.    Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained herein with the same force and effect as if more fully and at length set forth herein.

119.    The Defendants' conduct was tantamount to discrimination against Plaintiff based on his status as an African American living in a NYCHA apartment.

120.    Other individuals who are not marginalized African American living in a NYCHA apartment are not targeted for all-persons-present arrests based upon search warrant of apartments.

121.    This disparate treatment caused Plaintiff to suffer serious injuries.

122.    As a result of the foregoing, Plaintiff was deprived of her rights under the Equal Protection Clause of the Constitution of the United States, and is thereby entitled to damages.

123.    That as a result of the foregoing, Plaintiff is entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

28

AS AND FOR SEVENTH CAUSE OF ACTION ON BEHALF OF
PLAINTIFF: *SUPERVISORY LIABILITY UNDER 42 U.S.C. § 1983*

124.    Plaintiff hereby repeats, reiterates and re-alleges each and every
allegation contained herein with the same force and effect as if more
fully and at length set forth herein.

125.    Defendants Sgt. Doe 1,  personally caused Plaintiff's constitutional
injuries by being deliberately or consciously indifferent to the rights of
Plaintiff and those similarly situated in failing to properly supervise
their subordinate employees regarding the care and custody,
investigation and safeguarding inmates from institutional abuse.

126.    Defendants Sgt. Doe 1 personally caused Plaintiff's constitutional
injuries by being deliberately or consciously indifferent to the rights of
others in failing to properly supervise their subordinate employees
regarding the adequate and proper marshaling of evidence.

127.    Defendants Sgt. Doe 1 personally caused Plaintiff's constitutional
injuries by being deliberately or consciously indifferent to the rights of
others in failing to properly supervise his/her subordinate employees
regarding the adequate and proper grounds for executing stops,
searches, and seizures of Plaintiff and those similarly situated,  despite
no legal basis for doing so.

29

128.    As a direct and proximate result of this conduct, Plaintiff sustained the damages herein alleged.

129.    That as a result of the foregoing, Plaintiff is entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

## AS AND FOR EIGHTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: MUNICIPAL LIABILITY

130.    Plaintiff Washington, hereby repeat, reiterate and re-allege each and every allegation contained in the proceeding paragraphs with the same force and effect as if more fully and at length set forth herein.

131.    The Defendant City of New York, it departments, agents, servants, employees, collectively and individually, while acting under color of state and local law, engaged in conduct that constitutes policies, customs, and practices, procedure or rule of the City and/or NYPD, but which is forbidden by the Constitution of the United States.

132.    Defendant NYC, through the NYPD, has had, and still has hiring practices that it knows will lead to the hiring of Police Officers lacking the intellectual capacity and moral fortitude to discharge their duties in

30

accordance with the Constitution of the United States and is deliberately indifferent to the consequences.

133.    Defendant NYC, through the NYPD, has a de facto policy that encourages, *inter alia*, abuse, negligent investigations, unlawful arrests, the fabrication of evidence, and perjury.

134.    Defendant NYC, through the NYPD, has de facto employee promotion policies and other financial and status incentives that encourages *inter alia*, abuse, negligent investigations, unlawful arrests, the fabrication of evidence, and perjury.

135.    Defendant The City of New York, through the NYPD have had, and still have, hiring practices that they know will lead to the hiring of employees lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the Constitution of the United States and is indifferent to the consequences.

136.    Defendant NYC through the NYPD, has de facto policies that encourage competition among employees.  These policies encourage *inter alia*, abuse, negligent investigations, unlawful arrests, the fabrication of evidence, perjury, and improper manipulation of subordinates.

137.    Defendant NYC through the NYPD's actions and omissions have created and maintained the perception among high-ranking supervisors that a supervisor who turns a blind eye towards evidence of officer harassment and intimidations, cover-ups, medical neglect, and other misconduct and fails to investigate these incidents, will suffer no damage to his or her career or financial penalty.

138.    Defendant NYC, at all relevant times, were aware that the individual Defendant routinely committed constitutional violations such as those at issue here and have failed to change their policies, practices, and customs to stop this behavior.

139.    Defendant NYC through the NYPD, at all relevant times, was aware that the individual Defendant are unfit officers, attorneys, and employees who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.
These policies, practices, and customs were the moving force behind Plaintiffs injuries.

140.    The Defendant NYC, through a policy, practice and custom, directly caused the constitutional violations suffered by Plaintiff.

141.    Upon information and belief, the Defendant NYC, at all relevant times, was aware that the defendants are unfit officers who have

previously committed the acts alleged herein have a propensity for unconstitutional conduct, or have been inadequately trained.

142.    Nevertheless, the Defendant NYC exercised deliberate indifference by failing to take remedial action.

143.    The Defendant NYC failed to properly train, retrains, supervises, discipline, and monitor the defendants and improperly retained and utilized them.  Moreover, upon information and belief, the Defendant NYC failed to adequately investigate prior complaints filed against the defendants.

144.    In addition, the following are City policies, practices and customs:

   a) Abusing innocent individuals, based on a pretext, in    order to meet productivity goals;

   b) Fabricating evidence against individuals;

   c) Using and threatening the use of excessive force on individuals;

   d) Retaliating against individuals who engage in free speech

   e) Ignoring the constitutional rights of the general public;

   f) Ignoring the constitutional rights of the persons in their care and custody;

   g) Use force in an unreasonable, unnecessary, unjustified and excessive manner;

33

h) Failing to adequately instruct and supervise the officer under the defendant's care in the proper and appropriate care and treatment of individuals and detainees in their care and custody and control;

i) Inadequately and/or improperly investigating complaints of harassment, intimidation, misconduct, use of force, abuse by officers and inadequate punishment of the subjects of those complaints;

j) Tolerating acts of brutality;

k) IAB and the Inspector General having substantially failed in their responsibility to investigate misconduct and discipline offenders;

l) Having policies that operate to insulate police officers who engage in criminal or other serious official misconduct for detection, prosecution and punishment, and are maintained with deliberate indifference

m) Allowing officers and supervisors to engage in patterns and practices of actively and passively covering up misconduct by fellow officers, thereby establishing and perpetuating a "code of

silence" which has becomes ingrained in the defendants so to constitute a policy of the City, and NYPD.

145.    That as a result of the foregoing, Plaintiff is entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

AS AND FOR NINTH CAUSE OF
ACTION ON BEHALF OF PLAINTIFF:
PENDANT NEW YORK STATE CLAIM FOR NEGLIGENCE IN
PERFORMANCE OF DUTIES

146.    Plaintiff Washington, hereby repeat, reiterate and re-allege each and every allegation contained in the proceeding paragraphs with the same force and effect as if more fully and at length set forth herein.

147. That the Defendants, its agents, servants and employees negligently, carelessly and recklessly performed their  duties in that they failed to use such care in the performance of their duties as a reasonably prudent and careful Police Officers would have used under similar circumstances; in that they carelessly, recklessly and negligently stopped, searched and seized the Plaintiff without making a proper investigation; in that they were negligent, careless and reckless in the manner in which they operated, controlled and maintained their

35

agents, servants, and employees; and in that the Defendants, their agents, employees and servants were otherwise negligent, careless, and reckless.

148. That the aforesaid occurrence, to wit: body cavity search and other deprivations of constitutional and civil rights, resulting injuries to mind and body there from, were caused wholly and solely by reason of the negligence of the Defendants, its agents, servants and employees without any negligence on the part of the Plaintiff.

149. That by reason of the aforesaid, the Plaintiff was injured in mind and body, still suffers and upon information and belief, will continue to suffer mental pain, and they were incapacitated from their usual occupation and will, upon information and belief, be so incapacitated in the future, and the Plaintiff has been otherwise damaged.

150. That as a result of the foregoing, Plaintiff is entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

## AS AND FOR TENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: PENDANT NEW YORK STATE CLAIM FOR HARASSMENT, INTIMIDATION, ASSAULT AND BATTERY

36

151.   Plaintiff Washington, hereby repeat, reiterate and re-allege each and every allegation contained in the proceeding paragraphs with the same force and effect as if more fully and at length set forth herein.

152.   Defendant Sgt. Doe 1, Defendant Doe 1-10, assaulted and battered the Plaintiff on the dates, times and places in question.

153.   Defendant Sgt. Doe 1, Defendant Doe 1-10, with specific and deliberate intent interfered with and deprived the Plaintiff of her personal rights, liberties, privileges and immunities secured to him by the Constitution of the United States, The New York State Constitution.

154.   Defendant Sgt. Doe 1, Defendant Doe 1-10, knew or had reason to know that Plaintiff had no legal basis for arresting her.

155.   Defendant Sgt. Doe 1, Defendant Doe 1-10, knew or had reason to know that arresting  and ordering  Plaintiff  abandon her rights while asserting authority and broadcasting their intent would have resulted in a certain and unjustified harm and apprehension.

156.   Defendant Sgt. Doe 1, Defendant Doe 1-10, knew or had reason to know that Plaintiff objected to the treatment because she objected, but as to weak and frail to resist.

37

157.   Defendant Sgt. Doe 1, Defendant Doe 1-10, were at all times unreasonable, grossly negligent and reckless in their actions towards Plaintiff.

158.   Defendant Sgt. Doe 1, Defendant Doe 1-10, with specific and deliberate intent interfered with and deprived the Plaintiff of her personal rights, liberties, privileges and immunities secured to him by the Constitution of the United States, The New York State Constitution.

159.   Defendant Sgt. Doe 1, Defendant Doe 1-10, knew or had reason to know that Plaintiff had not acted in a manner on the date and time in question that gave the defendants probable cause to arrest her.

160.   Defendant Sgt. Doe 1, Defendant Doe 1-10, knew or had reason to know that Plaintiff objected to the treatment because she then and there decried the acts as a malicious and unjustified abuse of her rights.

161.   Plaintiff was at all times conscious and aware of the imminent egregious acts and gross omission as it unfolded and culminated into a false arrest and malicious prosecution.

162.   The aforesaid deprivations visited upon Plaintiff constitutes extreme and outrageous conduct carried out with the intent to cause, or disregard of a substantial probability of causing damage.

38

163.   The aforesaid deprivations visited upon Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

164.   That as a result of the foregoing, Plaintiff is entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

AS AND FOR ELEVENTH CAUSE OF ACTION:
PENDANT NEW YORK STATE CLAIM FOR NEGLIGENCE IN
<u>TRAINING AND SUPERVISING</u>

165.   Plaintiff Washington, hereby repeat, reiterate and re-allege each and every allegation contained in the proceeding paragraphs with the same force and effect as if more fully and at length set forth herein.

166.   That the defendant NYC and the NYPD, their agents, servants and employees, carelessly and recklessly failed to properly train and supervise their employees, in particular, the named Defendants.

167.   That the defendant NYC and the NYPD, their agents, servants and employees failed to train their employees to control their tempers and

39

exercise the proper deportment and temperament; and to otherwise act as reasonable, prudent Police Officers and Sergeants.

168.	That the defendant NYC and the NYPD, their agents, servants and employees  failed to give their employees  proper instruction as to their department, behavior and conduct as representatives of their employer; and, in that the Defendants, their agents, servants and employees were otherwise reckless, careless and negligent.

169.	That the aforesaid occurrences were caused wholly and solely by reason of the negligence of the Defendants, its agents, servants and employees without any negligence on the part of Plaintiff Washington.

170.	That as a result of the foregoing, Plaintiff is entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.


AS AND FOR TWELFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF:
PENDANT NEW YORK STATE CLAIM NEGLIGENT HIRING AND
RETENTION


171.	Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained herein with the same force and effect as if more fully and at length set forth herein.

40

172.   That the Defendant NYC was careless and reckless in hiring and retaining as and for its employees, the above named individuals; in that the said Defendant lacked the experience, deportment and ability to be employed by the Defendant; in that the Defendant failed to exercise due care and caution in its hiring practices, and in particular, in hiring the Defendant employees who lacked the mental capacity and the ability to function as employees of the aforementioned City Defendant.

173.   That Defendant NYC failed to investigate the above-named Defendant's background and in that they hired and retained as employees of their police  department individuals whose backgrounds contained information (based on information and belief) that revealed said Defendant lacked the maturity, sensibility and intelligence to be employed by the City Defendant in that the Defendant knew of the lack of ability, experience, deportment and maturity of said Defendant employees when they hired them to be employees' and, in that the Defendant, their agents, servants and employees were otherwise careless, negligent and reckless.

174.   That the aforesaid occurrence resulting in injuries there from, were caused wholly and solely by reason of the negligence of the Defendant, its agents, servants and employees without any negligence on the part of

41

the Plaintiff.

175.   That as a result of the foregoing, Plaintiff is entitled to

compensatory damages, and punitive damages against the individual

defendants, and attorney's fees, costs, expert's fees and disbursements

pursuant to 42 U.S.C. § 1988.

### AS AND FOR THIRTEENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: PENDANT NEW YORK STATE CLAIM NEGLIGENCE IN <u>TRAINING AND SUPERVISING</u>

176.   The Plaintiff hereby repeats, reiterates and re-alleges each and every

allegation contained herein with the same force and effect as if more

fully and at length set forth herein.

177.   That the Defendant NYC, their agents, servants and employees, were

negligent, careless and/or reckless in the hiring, training, retention,

supervision, direction, control, appointment and/or promotion of their

agents, servants and employees, including but not limited to the

defendant officers.

178.   That the Defendant NYC, their agents, servants and employees failed

to train their employees to control their tempers and exercise the proper

deportment and temperament; and to otherwise act as reasonable,

prudent Police Officers and Sergeants failed to give them proper

instruction as to their deportment, behavior and conduct as representatives of their employer; and, in that the Defendants, their agents, servants and employees were otherwise reckless, careless and negligent.

179.   That the aforesaid occurrence were caused wholly and solely by reason of the negligence of the Defendant, its agents, servants and employees without any negligence on the part of the Plaintiff.

180.   That the mistreatment and abuse of the Plaintiff as set forth above was the reasonably foreseeable consequence of said defendants' negligent conduct.

181.   That as a result of the foregoing, Plaintiff is entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

### AS AND FOR FOURTEENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: PENDANT NEW YORK STATE CLAIM FOR UNLAWFUL DETAINER, FALSE ARREST, FALSE IMPRISONMENT

182.   The Plaintiff, hereby repeats, reiterates and re-alleges each and every allegation contained above with the same force and effect as if more fully and at length set forth herein.

183.    As set forth above, Plaintiff was unlawfully detained, falsely arrested and falsely imprisoned by the defendants, their agents, servants and/or employees, including but not limited to the defendant officers.

184.    The aforesaid unlawful detainer, false arrest and false imprisonment of Plaintiff was in clear violation of the Constitution and statutes of the State of New York and the Charter, rules and regulations of the City of New York.

185.    At all times Plaintiff had not consented to being confined by the Defendants.

186.    At all times the Plaintiff was conscious of her restraint, loss of liberty and abduction.

187.    At all times Plaintiff was made to feel fearful, intimidated, demoralized, inferior and powerless by the Defendants' threats of deadly physical force and abuse of power.

188.    As a result, of the foregoing, the Plaintiff suffered a violation of her civil and due process rights.

189.    As a result of the foregoing, Plaintiff suffered severe and serious physical, psychological and emotional injuries.

190.    That as a result of the foregoing, Plaintiff is entitled to compensatory damages, and punitive damages against the individual defendants, and

attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

### AS AND FOR FIFTEENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: PENDANT NEW YORK STATE CLAIM CONSPIRACY

191.    The Plaintiff, hereby repeats, reiterates and re-alleges each and every allegation contained above with the same force and effect as if more fully and at length set forth herein.

192.    As set forth above, the defendant police officers conspired with and amongst one another to harass, intimidate, threaten, assault, batter, unlawfully detain, falsely arrest and falsely imprison and maliciously prosecute Plaintiff, cover-up their unlawful conduct, and otherwise deprive Plaintiff of her Constitutional and statutory rights.

193.    As a result f the aforementioned, Plaintiff suffered severe and serious physical, psychological and emotional injuries, as well as loss of property.

194.    That as a result of the foregoing, Plaintiff is entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

## AS AND FOR SIXTEENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: PENDANT NEW YORK STATE CLAIM VIOLATION OF <u>NY CONSTITUTION and STATUTES</u>

195.    The Plaintiff**,** hereby repeats, reiterates and re-alleges each and every allegation contained above with the same force and effect as if more fully and at length set forth herein.

196.    By reason of the allegations contained herein, Plaintiff was deprived by Defendants of her rights to free speech, to peacefully assemble, to be free from retaliation for exercising her constitutional and statutory rights, to be free from unlawful search and seizures, to be free from cruel and inhumane punishment, and to due process of law, as guaranteed to him by the Constitution and statues of the State of New York and the Charter, rules and regulations of the City of New York.

197.    The defendants' conduct manifested deliberate indifference to Plaintiff's constitutional rights, for which all defendants are liable.

198.   That as a result of the foregoing, Plaintiff is entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

46

## AS AND FOR SEVENTEENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: PENDANT NEW YORK STATE CLAIM NEGLIGENT and <u>FAILURE TO PROVIDE MEDICAL TREATMENT</u>

199.   The Plaintiff, hereby repeats, reiterates and re-alleges each and every allegation contained above with the same force and effect as if more fully and at length set forth herein.

200.   Defendants, their agents, servants, and/or employees were required to make available and/or provide medical care and treatment to Plaintiff while he was in their custody and control.

201. The defendants knew or should have known the extent of the injuries Plaintiff sustained during the subject encounter with the defendants and intentionally and/or negligently delayed, denied and/or failed to make medical care and treatment available to Plaintiff.

202. The defendants knew or should have known that their negligent, denial and/or delay of medical care and treatment to the Plaintiff created an unreasonable risk of bodily injury.

203. The defendants' neglect, denial and/or delay of medical care or treatment did cause and/or exacerbate Plaintiff's physical, psychological and emotional pain and suffering.

204. That as a result of the foregoing, Plaintiff is entitled to compensatory damages, and punitive damages against the individual defendants, and

47

attorney's fees, costs, expert's fees and disbursements pursuant to 42

U.S.C. § 1988.

### AS AND FOR EIGHTEENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: PENDANT NEW YORK STATE CLAIM NEGLIGENT and FAILURE TO PROVIDE MEDICAL TREATMENT

205.  The Plaintiff, hereby repeats, reiterates and re-alleges each and every allegation contained above with the same force and effect as if more fully and at length set forth herein.

206. Defendants, their agents, servants, and/or employees were required to make available and/or provide medical care and treatment to Plaintiff while he was in their custody and control.

207. The defendants knew or should have known the extent of the injuries Plaintiff sustained during the subject encounter with the defendants and intentionally and/or negligently delayed, denied and/or failed to make medical care and treatment available to Plaintiff.

208.  The defendants knew or should have known that their negligent, denial and/or delay of medical care and treatment to the Plaintiff created an unreasonable risk of bodily injury.

209. The defendants' neglect, denial and/or delay of medical care or treatment did cause and/or exacerbate Plaintiff's physical, psychological and emotional pain and suffering.

210.  That as a result of the foregoing, Plaintiff is entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

AS AND FOR NINETEENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: PENDANT NEW YORK STATE CLAIM NEGLIGENT and INENTIONAL INFLICTION OF EMOTIONAL DISTRESS

211.  The Plaintiff, hereby repeats, reiterates and re-alleges each and every allegation contained above with the same force and effect as if more fully and at length set forth herein

212.  The aforesaid acts of the defendants, their agents, servants and employees, acting individually and/or in conjunction with the other defendants, were intentional, malicious and excessive, and served on reasonable or legitimate interest.

213.  The defendants' intentional, reckless and/or negligent infliction of emotional distress constituted misconduct of an egregious and outrageous nature that exceeds all bounds usually tolerated by society and unreasonably endangered Plaintiff's physical safety.

214.  As a result of the foregoing, Plaintiff suffered severe and serious physical and psychological and emotional injuries.

49

215.   That as a result of the foregoing, Plaintiff is entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

### AS AND FOR TWENTIETH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: PENDANT NEW YORK STATE CLAIM NEGLIGENCE

216.   The Plaintiff, hereby repeats, reiterates and re-alleges each and every allegation contained above with the same force and effect as if more fully and at length set forth herein.

217.   As set forth above, Defendants, their agents, servants and employees were negligent and the actual and proximate cause of injuries and damages suffered by Plaintiff.

218.   Defendants owed a duty of reasonable care to Plaintiff.

219.   Defendants breached their duty of care to Plaintiff.

220.    As a result of the foregoing, Plaintiff suffered severe and serious physical, psychological and emotional injuries.

221.   That as a result of the foregoing, Plaintiff is entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

## AS AND FOR TWENTY-FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF: PENDANT NEW YORK STATE CLAIM: RESPONDEAT SUPERIOR

222.   The Plaintiff, hereby repeats, reiterates and re-alleges each and every allegation contained above with the same force and effect as if more fully and at length set forth herein.

223.   Inasmuch as the defendant officers were acting for, upon, and/or in furtherance of the business of their employer)s) and/or within the scope of their employment, the City and NYPD are liable, jointly and severally, under the doctrine of respondeat superior for the tortuous actions of same.

224.   That as a result of the foregoing, Plaintiff is entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.


## AS AND FOR TWENTI-SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF: PENDANT NEW YORK STATE CLAIM FAILURE TO PROTECT and *INTERVENE*

225.    Plaintiff Washington, hereby repeat, reiterate and re-allege each and every allegation contained in the proceeding paragraphs with the same force and effect as if more fully and at length set forth herein.

51

226.   All defendants, their agents, servants, and employees, owed a duty to care and protect Plaintiff while he was in their custody, control and care.

227.   As set forth above, all defendant s failed to protect Plaintiff from known and dangerous harm.

228.   Those individual Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct; had an opportunity to prevent such conduct; had a duty to intervene, mitigate and/or stop the events alleged herein, and failed t, inter alia, report the unlawful conduct alleged herein to supervisors; investigate, sanction, and/or discipline and participant.

229.   As set forth above, Defendants failed to intervene, mitigate and/or stop the events alleged herein.

230.   As set forth above, Defendants failed to provide timely and adequate medical care and treatment to Plaintiff.

231.   As set forth above, all Defendants knew of or consciously disregarded an excessive risk to Plaintiff's health and safety.

232.   All Defendant s failed to report the unlawful conduct alleged herein to supervisors.

233.    The Defendant NYC and NYPD, their agents, servants and employees failed to investigate, sanction, and/or discipline any of the defendant officers for their aforesaid unlawful conduct.

234.    Due to the defendants' failure to protect the Plaintiff, he suffered severe and serious physical, psychological and emotional injuries.

235.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged

236.    That as a result of the foregoing, Plaintiff is entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

## AS AND FOR TWENTY-THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF: PENDANT NEW YORK STATE CLAIM: PRIMA FACIE TORT

237.    Plaintiff Washington, hereby repeat, reiterate and re-allege each and every allegation contained in the proceeding paragraphs with the same force and effect as if more fully and at length set forth herein.

238.    The aforementioned acts and omissions of the defendants, their agents, servants, and employees, caused harm to be inflicted upon

Plaintiff motivated by disinterested malevolence and were the proximate cause of the damage visited upon him.

As a result of the foregoing, Plaintiff suffered severe and serious physical, psychological and emotional injuries.

239.    That as a result of the foregoing, Plaintiff is entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

a)    Compensatory damages against all Defendant, jointly and severally;

b)    Punitive damages against the individual Defendant, jointly and severally;

c)    Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1988; and

54

d) Such other and further relief as this Court deems just and proper

Dated:   New York, New York
The 17th day of November 2014

/s/

_____
D. Andrew Marshall, Esq.
Attorney for the PLAINTIFF
225 Broadway, Suite 1804
New York, New York 10007
(212) 571-3030 (office)
(212) 587-0570 (facsimile)
marshall.law4@verizon.net

55